IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VICKI RESPRESS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    CASE NO. 1:25-cv-577-RAH |
| | ) |
| HOUSTON COUNTY, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

# **ORDER**

On November 21, 2025, the Magistrate Judge entered a Recommendation (doc. 15) concluding that this case should be dismissed without prejudice for failure to state a claim upon which relief can be granted, and for failing to comply with the Court's Order (doc. 10) to file an amended complaint that complies with federal pleading standards. On December 5, 2025, Plaintiff filed her *Objection (Letter) to Report and Recommendations* (doc. 16.). Plaintiff's Objection makes no attempt to address the deficiencies discussed in the Magistrate Judge's Order (doc. 10) to replead, and instead reiterates the factual circumstances that Plaintiff claims entitle her to relief. Additionally, Plaintiff makes no attempt to specifically identify which part of the Magistrate Judge's Recommendation that she takes issue with.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo.* 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest*

*S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990); *see also United States v. Gopie,* 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783-85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

Upon an independent review of the file and upon consideration of the Recommendation of the Magistrate Judge, this Court concludes the Magistrate Judge's Recommendation is due to be adopted in its entirety.[1]

As the Magistrate Judge has correctly pointed out, Plaintiff attempts to bring claims under 42 U.S.C § 1983, but fails to identify any provision of the Constitution, or federal law generally, that supports her claims. The factual basis that Plaintiff asserts as grounds for her requested relief involve an Alabama state court's decision to terminate Plaintiff's visitation rights with her children and to grant sole legal and physical custody to the other parent. (*See* Doc. 1-1.) This Court has no ability to review or interfere with state-court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining that the *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *see also Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1281 (11th Cir. 2018) ("The doctrine is designed to ensure that the inferior federal courts do not impermissibly review decisions of the state courts—a role reserved to the United

---

[1] Though Plaintiff has failed to make specific objections to the Magistrate Judge's Recommendation and the Court would be justified in reviewing the record for clear error, of which there is none, the Court has nevertheless conducted a *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783-85 (11th Cir. 2006).

States Supreme Court."); *Staley v. Ledbetter*, 837 F.2d 1016, 1018 (11th Cir. 1988) ("The federal courts are not a forum for appealing state court decisions."); *Harrison v. Milford*, No. 3:24-cv-00788-RAH-JTA, 2025 WL 2024495, at *1 (M.D. Ala. July 18, 2025). And while it is true that *pro se* Plaintiffs are entitled to a liberal construction of their pleadings, the Court cannot re-write Plaintiff's Complaint for her. *Boxer X v. Harris*, 427 F.3d 1107, 1110 (11th Cir. 2006); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Plaintiff was given an opportunity to file an amended complaint and was given specific instructions on what that amended complaint needed to contain, but chose not to do so. At present, Plaintiff's Complaint falls far short of federal pleading standards.

Accordingly, and for good cause, it is **ORDERED** as follows:

1. Plaintiff's Objections to the Recommendation (doc. 16) are **OVERRULED**
2. The Magistrate Judge's Recommendation (doc. 15) is **ADOPTED**;
3. This case is **DISMISSED** without prejudice; and,
4. The Clerk of Court is **DIRECTED** to close the case.

**DONE** on this the 12th day of January 2026.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE